AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of     Alaska

| UNITED STATES OF AMERICA | ***AMENDED* JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| | Case Number:    4:04-cr-00010-01-RRB |
| RAYMOND F. WEGNER | USM Number:    14744-006 |
| | William Cohan |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    1 of the Indictment

☐ pleaded nolo contendere to count(s) \_\_\_\_\_
which was accepted by the court.

☐ was found guilty on count(s) \_\_\_\_\_
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | May, 2004 | 1 |

The defendant is sentenced as provided in pages 2 through    5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) \_\_\_\_\_

X Count(s)    2    X is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 8, 2006
Date of Imposition of Judgment

*[signature]*
Signature of Judge

RALPH R BEISTLINE, U.S. DISTRICT JUDGE
Name and Title of Judge

January 17, 2007
Date

DEFENDANT: RAYMOND F. WEGNER
CASE NUMBER: 4:04-cr-00010-01-RRB

# PROBATION

The defendant is hereby sentenced to probation for a term of:

5 YEARS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page _____ of _____

DEFENDANT: RAYMOND F. WEGNER
CASE NUMBER: 4:04-cr-00010-01-RRB

# ADDITIONAL PROBATION TERMS

1. The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

2. The defendant shall cooperate with the reasonable requests of Internal Revenue officers in a good faith, best efforts attempt to pay **in full** any outstanding tax liability, including penalty and interest, or enter into an installment payment plan with the Collecton Division of the Internal Revenue Service (IRS) within sixty (60) days from the final assessment (First Notice and Demand).

3. The defendant shall provide to the U.S. Probation Office a copy of any written and approved agreement with the IRS for the payment of any outstanding tax liability, within ten (10) days from the execution of such agreement. If the defendant enters into any such agreement, he shall make timely payments and shall abide by the terms of such agreement during the term of supervised release.

4. The defendant shall file accurate income tax returns for the years , within **9 months** from the date of sentencing.

5. The defendant shall timely file accurate future income tax returns as required by law during the probationary period unless an extension of time is granted by the IRS, in which event the return(s) shall be filed within the period of the extension.

6. The defendant shall provide the probation officer with access to any requested financial information, including authorization to conduct credit checks and to obtain copies of the defendant's tax information.

7. The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation.

8. The defendant shall provide the probation officer access to any requested financial information, including authorization to conduct credit checks, and shall not incur any new debts or apply for credit without the prior approval of the probation officer.

9. The defendant shall not possess a firearm, destructive device, or other weapon.

DEFENDANT: RAYMOND F. WEGNER
CASE NUMBER: 4:04-cr-00010-01-RRB

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall be placed in a Community Correctional Center at the direction of the probation officer for a period of 4 months, with work release. ***Pursuant to Defendant's unopposed motion to modify sentence at Docket 122, the defendant's 120 days of Community Correctional Center confinement is modified to allow the defendant to serve his 120 days confinement on weekends with leave to work on Saturday when requested in writing by his employer.***

2. The defendant shall participate in the home detention, with work release, for a period of 5 months at the direction of the probation officer.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

4. The defendant shall cooperate with the reasonable requests of Internal Revenue officers in a good faith, best efforts attempt to pay **in full** any outstanding tax liability, including penalty and interest, or enter into an installment payment plan with the Collecton Division of the Internal Revenue Service (IRS) within sixty (60) days from the final assessment (First Notice and Demand).

5. The defendant shall provide to the U.S. Probation Office a copy of any written and approved agreement with the IRS for the payment of any outstanding tax liability, within ten (10) days from the execution of such agreement. If the defendant enters into any such agreement, he shall make timely payments and shall abide by the terms of such agreement during the term of supervised release.

6. The defendant shall file accurate income tax returns for the years established by the IRS, within **nine months** from the date of sentencing.

7. The defendant shall timely file accurate future income tax returns as required by law during the probationary period unless an extension of time is granted by the IRS, in which event the return(s) shall be filed within the period of the extension.

8. The defendant shall provide the probation officer with access to any requested financial information, including authorization to conduct credit checks and to obtain copies of the defendant's tax information.

9. The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation.

10. The defendant shall provide the probation officer access to any requested financial information, including authorization to conduct credit checks, and shall not incur any new debts or apply for credit without the prior approval of the probation officer.

11. The defendant shall not possess a firearm, destructive device, or other weapon.

DEFENDANT: RAYMOND F. WEGNER
CASE NUMBER: 4:04-cr-00010-01-RRB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 141,488.72 |

**Or in an amount to be determined by the IRS**

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Internal Revenue Service |  | $141,488.72 | . |

| TOTALS | $  0 | $  141488.72 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 4:04-cr-00010-RRB    Document 127    Filed 01/18/2007    Page 6 of 6

DEFENDANT:        RAYMOND F. WEGNER
CASE NUMBER:   4:04-cr-00010-01-RRB

Judgment — Page  5  of  5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ __100.00__ due immediately, balance due

  ☐ not later than _____ , or
  **X** in accordance    ☐ C,  ☐ D,  ☐ E, or  **X** F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

At the direction of the Probation officer, any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater. Interest on the restitution shall not be waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X**  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and and corresponding payee, if appropriate.

Julie M. Wegner: 4:04-cr-00010-02-RRB
Raymond F. Wegner 4:04-cr-00010-01-RRB
Total Restitution due jointly and severally in the amount of $141,488.72, or in an amount determined by the IRS.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States: