Raymond F. Wegner
Julie M. Wegner
2282 Larissa Dr
Fairbanks, AK 99712
907-488-3592
Email: rjjwegner@acsalaska.net

RECEIVED

DEC 26 2007

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

Without counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>vs.<br><br>RAYMOND F WEGNER<br>JULIE M WEGNER,<br>          Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. F04-0010 CR (RRB)<br><br>DEFENDANT RAYMOND F WEGNER<br>and JULIE M WEGNER<br>MOTION TO MODIFY CONDITIONS<br>OF SENTENCE |

    Defendant Raymond F. Wegner and Julie M. Wegner, without counsel, hereby respectfully move this Honorable Court pursuant to Rule 25(a), F.R.Crim.P., for an order to modify the conditions of our four months (i.e. 120 days) Half-Way House sentence. AS GROUNDS THEREFORE, Defendant's Raymond and Julie Wegner state the following request for consideration:

    We have been on probation now for nearly 3 years, with two of those years being prior to the finalization/sentencing of our case. This will give us nearly 7 years under probation. As part of our sentencing, we were required to serve "home detention for 5 months" and additionally serve "4 months in the Half-Way House". A date for the Half-Way House has not been set as of yet. Our probation officer is requesting we start our time within the next month, or if we intend to file a motion for change to do so immediately.

    This request is for your consideration to possibly forgive the Half-Way House time. It was agreed upon by both parties (US vs Wegner) that our penalty was to pay the restitution, serve 5 months of home detention time, and receive a felony charge. The Half-Way House time was an additional penalty imposed by you, which we had no idea would happen based on what our attorney said and what the agreement was between the two parties. We know we did wrong and our case is far from over and never will be for us. We continue to work with the IRS on our back tax issues. We have not been able to do an Offer and Compromise as of yet, as the IRS requires 20% down with the offer and we are not able to do this. However, we are still working directly with the IRS to work this out the best we can.

    We understand that while serving time at the Half-Way House, 25% of our wages will be deducted from our pay, to pay for our stay. Not only does this make it extremely difficult to

pay our monthly obligations that will continue during our ½ way house time, it will stop our ability to pay the 10% towards our restitution.

Ray is now working for the MATCO tool truck selling tools. This is a full-time position that continues into the evening well after his regular days runs are completed. Julie additionally works for the Matco tool business and spends at least 4 hours a day and every weekend working with Ray. We work an average of at least 14 hours a day. We cannot loose our jobs. Our probation officer has informed us that the ½ way house will not drop us off at our work locations and that driving is a problem. Driving is a necessity for both of us. Not only for Ray with the tool truck, but for Julie to get to the shop after her regular job to do her Matco job that is part of our monthly income that we need. We both do sales runs on Saturday to cover the Delta Junction community as part of our regular route for selling tools. We start our workday at 7:00am and are usually not finished until at least 9:00pm. Ray gets home with the truck between 5:30 and 7:00pm each night. We restock, clean and closeout the days business each day. On the Saturdays we do not go to Delta and on Sunday, we clean the truck, take out the garbage, pay the bills, perform maintenance on the truck, place orders, send statements, reconcile the accounts, etc.

If the ½ house will not drop us off at our work location (The truck is stored at our current residence off Chena Hot Springs Rd), there is not a feasible way for us to continue working the MATCO tool truck, plus the ½ house will not allow us to work that many hours. We have not been able to get a different job and do not want to loose the ones we have again. Our monthly home obligations continue at our place of residence even if we are not here. The cost of living has skyrocketed while our wages have dropped. We are doing the best we can to keep are heads above water!

We understand we are being punished for a crime and realize more than we can ever explain how much of a mistake we really made. If hindsight were as good as foresight, we would not be where we are now (we took a lot of bad advice and it has destroyed the life we worked so hard to make for ourselves).

  Due to the felony charge, Julie was immediately terminated from her job at the University. This hurt us in many ways. Not only income wise, but for our future as well. Julie only needed one more year in the PERS system to have permanent medical insurance after the age of 60. It has become very difficult to get a job because of the felony. Julie is currently working for our daughter, which we feel fortunate that this avenue is available. Julie has applied for many positions with no avail (we feel certain this is because of the felony). We are to the point of needing reliable health insurance coverage, but lost that as well when Julie was non-retained from her position. Julie's health has diminished due to excessive stress. Our punishment overall has been severe and is far from over.

We will be living with the brunt of our crime for the rest of our lives not only financially, but also with the felony label added to our name (it has created many sorrows and a lot of stumbling blocks). We have worked hard all of our lives and have taken very little time to stop to enjoy things. We had hoped to do that in our retirement years. Now we know, retirement years are not a realistic reality. We truly, are basic wage earners.

  We have shown perseverance and honesty in assisting the IRS in any way possible. We have and will continue to abide by the rules set forth in our probationary guidelines. We are paying 10% of our gross wages as ordered by the court towards our restitution.

  Our Mother's are getting old and we have 3 children that live out side of Alaska that we cannot go see because of our probation restriction. Both of our Mothers have serious health

issues and we are scared they will pass before we can get down to visit them. Our probation officer does not feel that we should be allowed to travel to see family even though I have free tickets on Alaska Airlines and family to stay with. Our life is full of regrets and it has taken quite a toll on us. We worry we will bear much more sorrow before our 5 year probationary period is up. Ray's Mom is 85 and she just had back surgery and has hepatitis. Julie's Mother has had quadruple by-pass, diabetes, and has many more health issues going on. We need to see them and do not understand why we are being restricted from doing so.

    Life is difficult. We work harder at 60 years old than we did at 25, yet we seem to be going backwards. I know that our issues are hardly your concern, but we do hope that you will take some of this into consideration in reevaluating us having to spend time at the ½ way house. Neither one of us has ever committed any other crimes in our lives, nor was this crime to intentionally break the law. We believed that we had received legal and sound advice from attorneys, x-IRS agents, etc. We checked things out over and over and were convinced what we were doing was legal. How wrong all the advice of well educated people can be.

Respectfully,

*/s/ Raymond F Wegner*
*/s/ Julie M Wegner*

Raymond F Wegner &
Julie M Wegner

    WHEREFORE, Defendant Raymond and Julie Wegner respectfully pray for an Order granting our Motion to Modify Conditions of our Sentence by forgiving the 4 months at the Half-Way House.

    RESPECTFULLY SUBMITTED this 24th day of December 2007.

> RAYMOND F WEGNER
> JULIE M WEGNER
> 2282 Larissa Dr
> Fairbanks, AK 99712
> 907-488-3592
> Email:  rjjwegner@acsalaska.net