NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>RAYMOND F. WEGNER and<br>JULIE M. WEGNER,<br>    Defendants. | Case No. 4:04-cr-00010-RRB<br><br>**RESPONSE TO DEFENDANTS'<br>MOTION TO MODIFY<br>CONDITIONS OF SENTENCE** |

  COMES NOW Plaintiff, the United States of America, and responds as follows to defendants' motion to modify a term of their sentences by eliminating the provision imposing 4 months' halfway house confinement.

The motion relies on Criminal Rule 35(a) (the reference to 25(a) seems to be a typographical error). Rule 35(a) only authorizes a correction or reduction of sentence within 7 days of sentencing, which time has long expired, and then only for clerical, arithmetical, technical or other clear error, none of which applies here. Neither is 18 U.S.C. § 3582(c) applicable, authorizing modification of a term of imprisonment on motion of the Director of the Bureau of Prisons, there having been no such motion and no term of imprisonment having been imposed in this case.

Defendants were sentenced to five years' probation, on conditions which included a Special Condition that they

> shall be placed in a Community Correctional Center at the direction of
> the probation officer for a period of four months, with work release.

Amended Judgment at 4, ¶1, January 18, 2007, doc. 127. This condition, as amended, provides that defendant Raymond Wegner is allowed to serve his 120 days on weekends, with leave to work on Saturdays when requested in writing by his employer.

Conditions of probation are subject to modification as provided in Rule 32.1(c), FRCP. The issue before the Court is whether the probationary condition of four months' confinement in a halfway house should be eliminated or modified, and if so, how and on what grounds.

The probation officer advises that it is not intended that the defendants serve their halfway house terms simultaneously. Rather, the probation officer projects that

the terms would be served a different times, thereby reducing the impact of time and cost issues at any given time, and enabling one defendant to assist the other with transportation needs.

Regarding Raymond Wegner's term, the Court has already modified it to allow service on weekends only, and this seems to eliminate as to him the job performance issues raised in the motion.

The Judgment's provision of work release eliminates the consequence that either defendant would lose a current job if the halfway house condition remains.

The remaining question is what financial impact will result from serving halfway house time. Defendants are complying with the condition (Amended Judgment, Schedule of Payments, Special Instruction F, p. 6, doc. 127) that they pay 10% of their gross monthly income toward the ordered restitution of $141,488.72 owed to the Internal Revenue Service. It is in the interests of all parties that defendants continue to pay down this restitution and that, consistent with other lawful requirements, their financial ability to do so not be impaired.

The motion points out that halfway house residence carries with it the requirement that the defendant in residence pay to the halfway house 25% of that defendant's gross income during the term of confinement. The defendants suggest that this will prevent their payment of the 10% of gross income toward restitution. However, the motion does not contain sufficient financial information to permit the

Court to draw that conclusion. The motion does not state either defendant's income, and it is therefore impossible to determine what financial impact the halfway house terms, served separately and Raymond's on weekends only, would have on the defendants' ability to continue paying their restitution.

The probation officer has some limited information on this issue. Raymond's job is selling Matco Tools, and involves contacting customers by driving a Matco truck containing the inventory of tools which he sells. His employer is not Matco Tools. Rather it is "JRW Matco", a name which seems to suggest that it relates to "Julie and Ray Wegner" and is their own company created to operate a franchise to sell Matco Tools in a certain territory. Hence, Ray is his own employer, and the company that pays him his salary is a company that probably he and Julie own. Pay records indicate that this company has recently paid Ray a gross salary of about $1,000 per two week period, and paid Julie a gross of about $200 per two week period. Julie's full time employment is with a billing or bookkeeping service apparently owned by her daughter, and results in Julie's earning about $1,100 gross every two weeks. No information is available on the net income of JRW Matco, and whether Ray and Julie are its partial or sole owners. Probation also has information that the defendants own and operate Far North Construction Company, but no information is available regarding income derived from that source, or from any other source.

WHEREFORE, there exists at this time insufficient factual data from which to conclude that the halfway house condition in the Amended Judgment, if implemented

at a separate time for each defendant, would have a significant and material negative impact on the defendants' ability to continue complying with the restitution order. For this reason, and until a more complete financial picture is presented which supports a contrary conclusion, the probation conditions need not be changed.

RESPECTFULLY SUBMITTED this 7th day of January, 2008, at Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov
Alaska Bar # 1169028

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was sent to the following on January  7 , 2008 by U.S. Mail, postage paid:

Raymond and Julie Wegner
2282 Larissa Drive
Fairbanks, Alaska 99712

__s/Stephen Cooper_____
Office of the United States Attorney