UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE - DISTRICT OF ALASKA

# MEMORANDUM



DATE: April 8, 2008

REPLY TO ATTN OF: Toni M. Ostanik  *TMOstanik*
U.S. Probation/Pretrial Services Officer

SUBJECT: **RELEASE OF FINANCIAL DOCUMENTS**

**Raymond F. Wegner**
**4:04-cr-00010-01-RRB**
**Julie Mae Wegner**
**4:04-cr-00010-02-RRB**

TO: The Honorable Ralph R. Beistline,
U.S. District Court Judge

On December 8, 2006, Raymond F. and Julie Mae Wegner were sentenced by the Honorable Ralph R. Beistline, for the conviction of Conspiracy to Defraud the United States. The Wegner's were sentenced to five years probation, with mandatory and standard conditions. Additionally, the following special conditions were imposed:

1. The defendant shall be placed in a Community Correctional Center at the direction of the probation officer for a period of four (4) months, with work release.

2. The defendant shall participate in the home detention, with work release, for a period of five (5) months at the direction of the probation officer.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

4. The defendant shall cooperate with the reasonable requests of the Internal Revenue officers in a good faith, best efforts to pay <u>in full</u> any outstanding tax liability, including penalty and interest, or enter into an installment payment plan with the Collection Division of the Internal Revenue Service (IRS) within sixty (60) days from the final assessment (First Notice and Demand).

5. The defendant shall provide to the U.S. Probation Office a copy of any written and approved agreement with the IRS for the payment of any outstanding tax liability, within ten (10) days from the execution of such agreement. If the defendant enters into any such agreement, he/she shall make timely payments and shall abide by the terms of such agreement during the term of supervised release.

6. The defendant shall file accurate income tax returns for the years established by the IRS, within **nine (9) months** from the date of sentencing.

7.  The defendant shall timely file accurate future income tax returns as required by law during the probationary period unless an extension of time is granted by the IRS, in which event the return(s) shall be filed within the period of the extension.

8.  The defendant shall provide the probation officer with access to any requested financial information, including authorization to conduct credit checks and to obtain copies of the defendant's tax information.

9.  The defendant shall submit to a warrant less search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation.

10. The defendant shall provide the probation officer access to any requested financial information, including authorization to conduct credit checks, and shall not incur any new debts or apply for credit without the prior approval of the probation officer.

11. The defendant shall not possess a firearm, destructive device, or other weapon.

Following a request to modify conditions of probation submitted on behalf of Raymond F. Wegner, on January 17, 2007, the court amended the original judgment and modified special condition number one to read as follows:

The defendant shall be placed in a Community Correctional Center at the direction of the probation officer for a period of four (4) months, with work release. *Pursuant to defendant's unopposed motion to modify sentence at Docket 122, the defendant's 120 days of Community Correctional Center confinement is modified to allow the defendant to serve his 120 days confinement on weekends with leave to work on Saturday when requested in writing by his employer.*

On January 11, 2008, the Court modified Raymond F. and Julie Mae Wegner's conditions of probation to reflect the *removal of the halfway house condition. However, the Court further modified the conditions of probation that Raymond F. and Julie Mae Wegner pay 15% of their gross monthly salaries toward restitution-which is an increase from the original court ordered 10% of gross monthly salaries.*

In working with a IRS Revenue Officer to determine Raymond F. and Julie Mae Wegners compliance, specifically with the IRS conditions imposed in the original and amended criminal court judgments, it is requested that all financial documents prepared by Raymond F. and/or Julie Mae Wegner be permitted to be shared between the U.S. Probation Office and the IRS.

It is the Order of the Court:

☑ The Court grants the request to allow financial documents prepared by Raymond F. and/or Julie Mae Wegner be shared between the U.S. Probation Officer and the IRS.

☐ The Court denies the request to allow financial documents prepared by Raymond F. and/or Julie Mae Wegner be shared between the U.S. Probation Officer and the IRS.

☐ Other: _____

_____

REDACTED SIGNATURE
The Honorable Ralph R. Beistline
U.S. District Court Judge

Date: April 15, 2008