NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>RAYMOND F. WEGNER and<br>JULIE M. WEGNER,<br>            Defendants. | Case No. 4:04-cr-00010-RRB<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CONDITIONS OF SENTENCE** |

      COMES NOW Plaintiff, the United States of America, and opposes defendants' motion to modify a term of their sentences by eliminating the provision requiring them to file accurate income tax returns for 1995, 1996 and 1997.

Rule 35(a), Federal Rules of Criminal Procedure, only authorizes a correction or reduction of sentence within 7 days of sentencing, which time has long expired, and then only for clerical, arithmetical, technical or other clear error, none of which applies here. Neither is 18 U.S.C. § 3582(c) applicable, authorizing modification of a term of imprisonment on motion of the Director of the Bureau of Prisons, there having been no such motion and no term of imprisonment having been imposed in this case.

Defendants were sentenced to five years' probation, on conditions which included a Special Condition that they

> file accurate income tax returns for the years established by the IRS,
>
> within **nine months** from the date of sentencing.

Amended Judgment at 3 (filed as p. 4), ¶6, filed January 18, 2007, doc. 127.

Conditions of probation are subject to modification as provided in Rule 32.1(c), FRCP. The issue before the Court is whether the probationary condition requiring defendants to file accurate tax returns for the audited years 1995, 1996 and 1997 should be eliminated, and if so, on what grounds.

Defendants claim essentially two things: 1) that if they provide accurate returns for 1995, 1996 and 1997, those returns might show they owe more in back taxes, penalties and interest than the amount so far ordered as restitution, and they would not be able to meet any such increased obligation; and 2) that their attempts thus far to prepare accurate returns have been frustrated by lack of copies of the previously filed inaccurate returns for 1995, 1996 and 1997 and of the records needed in order to prepare accurate returns.

Accurate returns for 1995, 1996 and 1997 would most likely result in a lesser amount of tax, penalties and interest owed than is reflected in the IRS-generated assessments for those years, due to the fact that the assessments disallowed any deductions because the returns were false and it is probable that legitimate expenses exist that will be allowed. However, it is possible, perhaps probable, that accurate returns would also result in a greater amount of tax, penalties and interest owed than is reflected in the preliminary calculation of restitution in the Judgment: "$144,488.72 Or in an amount to be determined by the IRS." Amended Judgment, 4 (filed as p. 5).

The difficulty in locating records needed for the preparation of accurate returns is not insurmountable. In fact, plaintiff possesses significant amounts and kinds of defendants' records for the years in issue, obtained both through summons issued to banks during the audit of those years and as criminal discovery provided to plaintiff by defendants' own attorney, including the following:

Denali State Bank records of account of Far North Construction, 1/95-12/97;

Key Bank records of account of Overland Leasing, 1/95-12/97;

Alaska Western Star income and expense records, 1995-1997;

Far North check register, 1995-1997;

Far North charge account records, 1995-1997.

Plaintiff hereby offers to make copies of all these records available to defendants if they need copies.

Further, plaintiff has previously produced to defendants as pre-trial discovery the following records which should be in their possession or the possession of their attorney, and which plaintiff still has in the event defendants lost or destroyed them:

Far North Construction form 1041 tax returns, 1995, 1996, 1997;

  Overland Leasing form 1041 tax returns, 1995, 1996, 1997;

  Denali State Bank credit application, 1996;

  Bank records of account #601-4245, 12/31/96 - 12/31/97;

  Bank records of account #708-9139, 12/31/96 - 12/31/97;

  CPA Puterbaugh records for preparation of returns for 1995-1997;

  Northrim Bank loan application, 1997;

  Income information (W2's, 1099's) reported to IRS for defendants, 1995-1997;

  Complete IRS audit report and work papers for defendants for 1995-1997;

  Complete IRS audit report and work papers for Far North Construction, 1995-1997;

  Complete IRS audit report and work papers for Overland Leasing, 1995-1997;

  Potentially additional records produced in discovery can also be identified as relating to the 1995-1997 returns.

  To eliminate the requirement for accurate returns would be contrary to the public interest, both in the instant case and in the effect such an order would have in the case of other tax offenders. The false and inaccurate returns are a part of the criminal scheme involved in this case. Defendants admittedly filed false tax returns resulting in minimal tax on income from their trucking business, and filed returns claiming unallowable expenses. Filing accurate tax returns is a legal obligation and is indispensable for anyone professing to be on the path toward rehabilitation and toward law-abiding behavior in the future. The eventuality that the tax loss may turn out to be greater than was thought is not an appropriate or sufficient ground to overcome the necessity of fulfilling this obligation. If the loss should turn out greater, defendants may be thankful that such increased loss was not established in

time to increase their sentence computation, as it would and should have done had it been known at the time of sentencing.

There is no legal or equitable ground to drop out the requirement for accurate returns. And because the needed records are available, neither is there is any practical necessity for doing so.

For these reasons, the motion to modify the sentence by eliminating the requirement of Special Condition of Probation #6, for accurate tax returns for 1995, 1996 and 1997, should be denied.

RESPECTFULLY SUBMITTED this 27th day of August, 2008, at Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov
Alaska Bar # 1169028

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was sent
to the following on August   27  , 2008 by U.S. Mail, postage paid:

Raymond and Julie Wegner
2282 Larissa Drive
Fairbanks, Alaska 99712

  s/Stephen Cooper
Office of the United States Attorney